FILED
JUL 1 3 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA GONZALEZ, on behalf of herself and all other persons similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> JOKAT CO., INC., PMA MCD, INC. and PHILIP FUENTES, Individually, <br><br> Defendants. | Case No. 05C 4046 <br><br> Judge JUDGE MANNING <br><br> MAGISTRATE JUDGE NOLAN |

## COMPLAINT

Plaintiff, Patricia Gonzalez, on behalf of herself and all other similarly situated employees, known and unknown, through her attorneys, for her Complaint against Defendants Jokat Co., Inc., PMA MCD, Inc. and Philip Fuentes, individually, (collectively "Defendants") states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated employees. Plaintiff and other similarly situated employees customarily worked in excess of 40 hours per week for Defendants, but were not paid all of their earned overtime wages for time worked in excess of forty (40) in individual work weeks. Defendants' unlawful compensation practices are continuing to this day and have (and have had) the effect of denying Plaintiff and other similarly situated employees their earned and living wages. A copy of Plaintiff's Consent to bring this case as a representative action is attached hereto as Exhibit A.

## THE PARTIES

2. Plaintiff is a current employee of Defendants. Plaintiff resides in and is domiciled within this judicial district.

3. Defendant Jokat Co., Inc. is an Illinois corporation doing business as a McDonalds restaurant and is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(1), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), in that Defendant Jokat Co., Inc.'s employees are engaged in interstate commerce and Defendant Jokat Co., Inc.'s annual gross volume of sales made or business done exceeds $500,000 exclusive of excise taxes. Defendant Jokat Co., Inc.'s place of business is located within this judicial district. At all material times hereto, Defendant Jokat Co., Inc. is an "employer" subject to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

4. Defendant PMA MCD, Inc. is an Illinois corporation doing business as a McDonalds restaurant and is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(1), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), in that Defendant PMA MCD, Inc.'s employees are engaged in interstate commerce and Defendant PMA MCD, Inc.'s annual gross volume of sales made or business done exceeds $500,000 exclusive of excise taxes. Defendant PMA MCD, Inc.'s place of business is located within this judicial district. At all material times hereto, Defendant PMA MCD, Inc.'s is an "employer" subject to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

5. Defendant Philip Fuentes is an officer and principal shareholder Jokat Co., Inc. and PMA MCD, Inc. Defendant Fuentes is involved in the day to day business operations of Jokat Co., Inc. and PMA MCD, Inc. Among other things, for each of the Defendants Jokat Co., Inc. and PMA MCD, Inc., Defendant Fuentes has the authority to hire and fire employees, to direct and supervise

the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures. Defendant Fuentes is an "employer" as defined by the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c). Defendant Fuentes resides in this judicial district.

6. Defendants operate several restaurants within this judicial district, including a McDonalds restaurant located at 5500 West Cermak in Cicero, Illinois and a McDonalds restaurant located at 2827 S. Cicero in Cicero, Illinois. On information and belief, such restaurants are each separately incorporated as Illinois corporations.

7. Defendants' various restaurants are common enterprises as defined by 29 U.S.C. §203(r). Among other things, Defendants' restaurants share common ownership, management, human resource functions and personnel, share work rules, and utilize the same payroll practices that are alleged herein to violate the FLSA and the IMWL. In addition, Defendants' various restaurants share employees. For example, for her work for Defendants, Plaintiff Gonzalez was paid with checks issued from both Jokat, Inc. and PMA MCD, Inc.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331. Venue is proper in this judicial district as the facts and events giving rise Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**COUNT I**
**Violation of the Fair Labor Standards Act -- Overtime Wages**

Plaintiff hereby realleges and incorporates paragraphs 1 through 8 of this Complaint.

9. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiff and similarly situated

3

employees for all time worked in excess of forty (40) hours in individual work weeks.

10. At all material times hereto, Plaintiff was employed by Defendants as an "employee" within the meaning of §3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1). Plaintiff performed a variety of job duties and responsibilities for Defendants within this judicial district.

11. At all material times hereto, Defendants were Plaintiff's "employer" within the meaning Section 3(d) of the FLSA, 29 U.S.C. §203(d).

12. During the course of her employment by Defendants, Plaintiff was employed by Defendants and was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

13. Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

14. Pursuant to 29 U.S.C. § 207, Plaintiff and similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

15. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks. Instead, though Defendants directed Plaintiff to work in excess of forty (40) hours at a single restaurant, the McDonalds restaurant located at 5500 West Cermak in Cicero, Illinois and incorporated as Jokat Co., Inc., Defendants "split" Plaintiff's compensation between two bi-weekly payroll checks drawn on the accounts of both Jokat Co., Inc. and PMD MCD, Inc. This created the appearance the Plaintiff did not work in excess of forty (40) hours in individual work weeks. As an example, see Exhibit B, attached hereto, showing two payroll checks issued to Plaintiff for the same two week pay period (3/7/04 to 3/20/04), one check issued by Defendant Jokat Co., Inc showing

4

79.14 hours worked and the other issued by PMD MCD, Inc. showing 31.24 hours worked.

16. Other non-exempt employees employed by Defendants were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

17. Other non-exempt employees employed by Defendants likewise had their payroll checks "split" between Defendants' different restaurants so that Defendants could avoid the payment of overtime wages.

18. Defendants did not compensate other non-exempt employees at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

19. Defendants' failure and refusal to pay overtime wages to Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours per week violated the Fair Labor Standards Act, 29 U.S.C. § 207.

20. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and similarly situated employees overtime wages for all time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's and similarly situated employees' hourly wage rate for all time which Plaintiff and similarly situated employees worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

5

## COUNT II
## Violation of the Illinois Minimum Wage Law -- Overtime Wages
## (Plaintiff Individually Only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 20 of this Complaint.

21.   This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

22.   The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

23.   At all relevant times herein, Defendants were Plaintiff's "employers" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

24.   Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

25.   Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

26.   Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.   A judgment in the amount of one and one-half times Plaintiff's regular hourly wage rate for all time which Plaintiff worked in excess of forty (40) hours in individual

workweeks;

B.     Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: July 13, 2005

_____
DOUGLAS M. WERMAN (ARDC#6204740)
CHRIS WILLIAMS (ARDC#6284262)
Law Offices of Douglas M. Werman
77 W. Washington, Suite 1815
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA GONZALEZ, on behalf of herself and all other persons similarly situated, known and unknown, ) ) ) ) | |
| Plaintiff, ) ) ) | Case No. |
| v. ) ) | |
| JOKAT CO., INC., PMA MCD, INC. and PHILIP FUENTES, Individually, ) ) ) ) | Judge |
| Defendants. ) | |

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Defendant(s) _Jokat Co. Inc., PMA McD, Inc. and Philip Fuentes_ within the prior three (3) years, that I have worked for Defendants hours in excess of forty (40) in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207(a). I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _Patricia Gonzalez_   (print your name)

Your signature: _Patricia Gonzalez_

Date on which I signed this Notice: _3-24-5_
(today's date)

Douglas M. Werman
Chris Williams
The Law Office of Douglas M. Werman
77 W. Washington, Suite 1815
Chicago, Il 60602
312-419-1008

**Attorneys for Plaintiff**

# EXHIBIT B

| YOUR BANKING | | EARNINGS | HOURS | RATE | AMOUNT | YTD AMOUNT |
|---|---|---|---|---|---|---|
| | | REGULAR | 81.14 | 7.500 | 613.34 | |

| | | | | TOTAL EARNINGS | 613.34 | 4478.71 |

| EMPLOYER INFORMATION | | FILING STATUS | TAX TYPE | AMOUNT | YTD AMOUNT |
|---|---|---|---|---|---|
| JOKAT CO INC | | | SOC-SEC | 38.03 | 277.69 |
| 5500 WEST CERMAK | | | MEDICARE | 8.89 | 64.93 |
| CICERO, IL  60804 | | S 02 | FEDERAL | 27.39 | 185.11 |
| | | S 02 | IL | 13.79 | 97.44 |

PAY PERIOD 03/07/04 TO 03/20/04
CHECK DATE 03/26/04    CHECK # 100326

| | | | TOTAL WITHHOLDINGS | 88.10 | 625.17 |

| PERSONAL INFORMATION | | ADJUSTMENTS | | AMOUNT | YTD AMOUNT |
|---|---|---|---|---|---|
| PATRICIA GONZALEZ | | | | | |
| 2817 S AVERS APT 1 | | | | | |
| CICERO IL  60804 | | | | | |

---

FOLD AND REMOVE                                                                FOLD AND REMOVE

| YOUR BANKING | | EARNINGS | HOURS | RATE | AMOUNT | YTD AMOUNT |
|---|---|---|---|---|---|---|
| | | REGULAR | 31.24 | 7.500 | 234.30 | |

| | | | | TOTAL EARNINGS | 234.30 | 1505.65 |

| EMPLOYER INFORMATION | | FILING STATUS | TAX TYPE | AMOUNT | YTD AMOUNT |
|---|---|---|---|---|---|
| PMA MCD INC | | | SOC SEC | 14.53 | 93.36 |
| 2827 S CICERO | | | MEDICARE | 3.40 | 21.83 |
| CICERO, IL  60804 | | S 01 | FEDERAL | 1.31 | 8.24 |
| | | S 01 | IL | 4.72 | 29.01 |

PAY PERIOD 03/07/04 TO 03/20/04
CHECK DATE 03/26/04    CHECK # 100296

| | | | TOTAL WITHHOLDINGS | 23.96 | 152.44 |

| PERSONAL INFORMATION | | ADJUSTMENTS | | AMOUNT | YTD AMOUNT |
|---|---|---|---|---|---|
| PATRICIA GONZALEZ | | | | | |
| 2817 SUR AVERS | | | | | |
| CHICAGO IL  60623 | | | | | |