# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PATRICIA GONZALEZ, on behalf of herself and all other persons similarly situated, known and unknown, )<br><br>Plaintiff, )<br><br>v. )<br><br>JOKAT CO., INC., PMA MCD, INC., and PHILIP FUENTES, individually, )<br><br>Defendants. ) | Case No. 05 C 4046<br><br>Judge Manning<br>Magistrate Judge Nolan |

## DEFENDANTS' ANSWER TO COMPLAINT

NOW COME Defendants Jokat Co., Inc., PMA MCD, Inc., and Phillip Fuentes, individually, by and through their attorneys Jackson Lewis LLP, and answer to Plaintiff's Complaint as follows:

## PARAGRAPH NO. 1:

This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C.§201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated employees. Plaintiff and other similarly situated employees customarily worked in excess of 40 hours per week for Defendants, but were not paid all of their earned overtime wages for time worked in excess of forty (40) in individual work weeks. Defendants' unlawful compensation practices are continuing to this day and have (and have had) the effect of denying Plaintiff and other similarly situated employees their earned and living wages. A copy of Plaintiff's Consent to bring this case as a representative action is attached hereto as Exhibit A.

## ANSWER TO PARAGRAPH NO. 1:

Defendants admit that Plaintiff brings this lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), for Defendants' alleged failure to pay overtime wages to Plaintiff and other similarly situated employees, but deny Plaintiff is entitled to the relief requested under the statutes.

Defendants further admit that Exhibit A to Plaintiff's Complaint is a copy of Plaintiff's Consent to bring this case as a representative action. The phrase "in individual work weeks" is vague and subject to multiple interpretations, and thus Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff and other similarly situated employees were not paid all of their earned overtime wages for time worked in excess of forty in individual work weeks. Defendants deny the remaining averments of Paragraph No. 1.

## THE PARTIES

**PARAGRAPH NO. 2:**

Plaintiff is a current employee of Defendants. Plaintiff resides in and is domiciled within this judicial district.

**ANSWER TO PARAGRAPH NO. 2:**

Defendants deny that Plaintiff is a current employee of Defendants. Defendants are without knowledge or information sufficient to form a reasonable belief as to the truth of the remaining averments of Paragraph No. 2.

**PARAGRAPH NO. 3:**

Defendant Jokat Co., Inc. is an Illinois corporation doing business as a McDonalds restaurant and is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(1), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), in that Defendant Jokat Co., Inc.'s employees are engaged in interstate commerce and Defendant Jokat Co., Inc.'s annual gross volume of sales made or business done exceeds $500,000 exclusive of excise taxes. Defendant Jokat Co., Inc.'s place of business is located within this judicial district. At all material times hereto, Defendant Jokat Co., Inc. is an "employer" subject to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

**ANSWER TO PARAGRAPH NO. 3:**

Defendants admit that Jokat Co., Inc., is an "employer" as defined in the Fair Labor Standards Act and that its place of business is located within this judicial district. Defendants

further admit that Jokat Co., Inc. is an Illinois corporation doing business as a McDonald's restaurant. Defendants deny the remaining averments of Paragraph No. 3.

**PARAGRAPH NO. 4:**

Defendant PMA MCD, Inc. is an Illinois corporation doing business as a McDonalds restaurant and is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C.§203(r)(1), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), in that Defendant PMA MCD, Inc.'s employees are engaged in interstate commerce and Defendant PMA MCD, Inc.'s annual gross volume of sales made or business done exceeds $500,000 exclusive of excise taxes. Defendant PMA MCD, Inc.'s place of business is located within this judicial district. At all material times hereto, Defendant PMA MCD, Inc.'s is an "employer" subject to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

**ANSWER TO PARAGRAPH NO. 4:**

Defendants admit that PMA MCD, Inc., is an "employer" as defined in the Fair Labor Standards Act and that its place of business is located within this judicial district. Defendants further admit that PMA MCD, Inc., is an Illinois corporation doing business as a McDonald's restaurant. Defendants deny the remaining averments of Paragraph No. 4.

**PARAGRAPH NO. 5:**

Defendant Philip Fuentes is an officer and principal shareholder Jokat Co., Inc. and PMA MCD, Inc. Defendant Fuentes is involved in the day to day business operations of Jokat Co., Inc. and PMA MCD, Inc. Among other things, for each of the Defendants Jokat Co., Inc. and PMA MCD, Inc., Defendant Fuentes has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures. Defendant Fuentes is an "employer" as defined by the FLSA, 29 U.S.C §203(d) and the IMWL, 820 ILCS 105/3(c). Defendant Fuentes resides in this judicial district.

**ANSWER TO PARAGRAPH NO. 5:**

Defendants admit that Defendant Philip Fuentes (1) is an officer and principal shareholder of Jokat Co., Inc. and PMA MCD, Inc.; (2) has authority to hire and fire employees, direct and supervise the work of employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures

on behalf of those companies; and (3) resides in this judicial district. Defendants deny the remaining averments of Paragraph No. 5.

**PARAGRAPH NO. 6:**

Defendants operate several restaurants within this judicial district, including a McDonalds restaurant located at 5500 West Cermak in Cicero, Illinois and a McDonalds restaurant located at 2827 S. Cicero in Cicero, Illinois. On information and belief, such restaurants are each separately incorporated as Illinois corporations.

**ANSWER TO PARAGRAPH NO. 6:**

Defendants admit that Jokat Co., Inc., and PMA MCD, Inc., are separately incorporated as Illinois corporations. The phrase "Defendants operate several restaurants" is vague and subject to multiple interpretations, and thus Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph No. 6.

**PARAGRAPH NO. 7:**

Defendants' various restaurants are common enterprises as defined by 29 U.S.C. §203(r). Among other things, Defendants' restaurants share common ownership, management, human resource functions and personnel, share work rules, and utilize the same payroll practices that are alleged herein to violate the FLSA and the IMWL. In addition, Defendants' various restaurants share employees. For example, for her work for Defendants, Plaintiff Gonzalez was paid with checks issued from both Jokat, Inc., and PMA MCD, Inc.

**ANSWER TO PARAGRAPH NO. 7:**

Defendants admit that Defendants' restaurants share common ownership, and some management, human resource functions and personnel, share work rules, and utilize the same payroll practices that are alleged herein to violate the FLSA and the IMWL. Defendants further admit that Plaintiff was, on some occasions, paid with checks issued from both Jokat Co., Inc., and PMA MCD, Inc. Defendants deny the remaining averments of Paragraph No. 7.

## JURISDICTION AND VENUE

**PARAGRAPH NO. 8:**

This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER TO PARAGRAPH NO. 8:**

Defendants admit that jurisdiction and venue are proper in this district, but deny that Plaintiff is entitled to any of the relief requested.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

**PARAGRAPH NO. 9:**

This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks.

**ANSWER TO PARAGRAPH NO. 9:**

Defendants admit that Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, but deny that Plaintiff is entitled to the relief requested.

**PARAGRAPH NO. 10:**

At all material times hereto, Plaintiff was employed by Defendants as an "employee" within the meaning of §3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1). Plaintiff performed a variety of job duties and responsibilities for Defendants within this judicial district.

**ANSWER TO PARAGRAPH NO. 10:**

Defendants admit that Plaintiff was an employee of Jokat Co., Inc., and PMA MCD, Inc., and that she performed job duties for those companies within this judicial district. Defendants deny the remaining averments of Paragraph No. 10.

**PARAGRAPH NO. 11:**

At all material times hereto, Defendants were Plaintiff's "employer" within the meaning Section 3(d) of the FLSA, 29 U.S.C. §203(d).

**ANSWER TO PARAGRAPH NO. 11:**

Defendants admit that Jokat Co., Inc., and PMA MCD, Inc., were Plaintiff's employers. Defendants deny the remaining averments of Paragraph No. 11.

**PARAGRAPH NO. 12:**

During the course of her employment by Defendants, Plaintiff was employed by Defendants and was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

**ANSWER TO PARAGRAPH NO. 12:**

Defendants admit that Plaintiff was employed by Jokat Co., Inc., and PMA MCD, Inc., and was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207. Defendants deny the remaining averments of Paragraph No. 12.

**PARAGRAPH NO. 13:**

Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

**ANSWER TO PARAGRAPH NO. 13:**

Defendants deny they directed Plaintiff to work in excess of forty (40) hours per week. Defendants admit that on some occasions during her employment, Plaintiff worked more than forty hours per week for Jokat Co., Inc., and PMA MCD, Inc. Defendants deny the remaining averments of Paragraph No. 13.

**PARAGRAPH NO. 14:**

Pursuant to 29 U.S.C. § 207, Plaintiff and similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all times worked in excess of forty (40) hours in individual workweeks.

**ANSWER TO PARAGRAPH NO. 14:**

The terms "similarly situated employees" and "individual workweeks" are vague and subject to multiple interpretations. As a result, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph No. 14.

**PARAGRAPH NO. 15:**

Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks. Instead, though Defendants directed Plaintiff to work in excess of forty (40) hours at a single restaurant, the McDonalds restaurant located at 5500 West Cermak in Cicero, Illinois and incorporated as Jokat Co., Inc., Defendants "split" Plaintiff's compensation between two bi-weekly payroll checks drawn on the accounts of both Jokat Co., Inc. and PMD MCD, Inc. This created the appearance the Plaintiff did not work in excess of forty (40) hours in individual work weeks. As an example, see Exhibit B, attached hereto, showing two payroll checks issued to Plaintiff for the same two week pay period (3/7/04 to 3/20/04), one check issued by Defendant Jokat Co., Inc. showing 79.14 hours worked and the other issued by PMD MCD, Inc. showing 31.24 hours worked.

**ANSWER TO PARAGRAPH NO. 15:**

Defendants admit that Exhibit B to Plaintiff's Complaint shows two payroll checks issued to Plaintiff for the same two week pay period (3/7/04 to 3/20/04), one check issued by Defendant Jokat Co., Inc. showing 79.14 hours worked and the other issued by PMA MCD, Inc. showing 31.24 hours worked. Defendants further admit that on some occasions during her employment, Plaintiff worked more than forty hours per week for Jokat Co., Inc., and PMA MCD, Inc.

The phrase "in individual work weeks" is vague and subject to multiple interpretations, and thus Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph No. 15.

**PARAGRAPH NO. 16:**

Other non-exempt employees employed by Defendants were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

**ANSWER TO PARAGRAPH NO. 16:**

Defendants deny that they directed employees to work in excess of forty (40) hours per week and therefore deny the averments in Paragraph No. 16.

**PARAGRAPH NO. 17:**

Other non-exempt employees employed by Defendants likewise had their payroll checks "split" between Defendants' different restaurants so that Defendants could avoid the payment of overtime wages.

**ANSWER TO PARAGRAPH NO. 17:**

Defendants deny the averments in Paragraph No. 17.

**PARAGRAPH NO. 18:**

Defendants did not compensate other non-exempt employees at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

**ANSWER TO PARAGRAPH NO. 18:**

The phrase "in individual work weeks" is vague and subject to multiple interpretations, and thus Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph No. 18.

**PARAGRAPH NO. 19:**

Defendants' failure and refusal to pay overtime wages to Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours per week violated the Fair Labor Standards Act, 29 U.S.C. § 207.

**ANSWER TO PARAGRAPH NO. 19:**

The term "similarly situated employees" is vague and subject to multiple interpretations, and thus Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph No. 19.

**PARAGRAPH NO. 20:**

Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and similarly situated employees overtime wages for all time worked in excess of forty (40) hours per week.

**ANSWER TO PARAGRAPH NO. 20:**

Defendants deny the averments in Paragraph No. 20.

**COUNT II**
**Violation of the Illinois Minimum Wage Law – Overtime Wages**
**(Plaintiff Individually Only)**

**PARAGRAPH NO. 21:**

This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

**ANSWER TO PARAGRAPH NO. 21:**

Defendants admit that jurisdiction is proper over Count II of Plaintiff's Complaint, but deny that Plaintiff is entitled to the relief requested.

**PARAGRAPH NO. 22:**

The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

**ANSWER TO PARAGRAPH NO. 22:**

Defendants admit that Count II of Plaintiff's Complaint is based on the Illinois Minimum Wage Law, 820 ILCS 105/4a and 105/12(a), for Defendants' alleged failure to pay overtime wages to Plaintiff, but deny Plaintiff is entitled to the relief requested under the statute.

**PARAGRAPH NO. 23:**

At all relevant times herein, Defendants were Plaintiff's "employers" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

**ANSWER TO PARAGRAPH NO. 23:**

Defendants admit that Jokat Co., Inc., and PMA MCD, Inc., were Plaintiff's employers and that Plaintiff was an employee of Jokat Co., Inc., and PMA MCD, Inc. Defendants deny the remaining averments of Paragraph No. 23.

**PARAGRAPH NO. 24:**

Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

**ANSWER TO PARAGRAPH NO. 24:**

The phrase "in individual work weeks" is vague and subject to multiple interpretations, and thus Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph No. 24.

**PARAGRAPH NO. 25:**

Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

**ANSWER TO PARAGRAPH NO. 25:**

The phrase "in individual work weeks" is vague and subject to multiple interpretations, and thus Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph No. 25.

**PARAGRAPH NO. 26:**

Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

**ANSWER TO PARAGRAPH NO. 26:**

Defendants deny the averments of Paragraph No. 26.

### First Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitation.

### Second Affirmative Defense

Defendant did not knowingly or willfully violate the Fair Labor Standards Act.

### Third Affirmative Defense

Plaintiff's claim for punitive damages under the Illinois Minimum Wage Act is barred because Defendant did not knowingly or willfully violate the Illinois Minimum Wage Act.


Dated: November 14, 2005　　　　　　　**JOKAT CO., INC., PMA MCD, INC., and PHILIP FUENTES, individually**


　　　　　　　　　　　　　　　　　　　By: s/ James F. Botana

　　　　　　　　　　　　　　　　　　　James F. Botana
　　　　　　　　　　　　　　　　　　　Bar Number 6209799
　　　　　　　　　　　　　　　　　　　Attorney for Defendants
　　　　　　　　　　　　　　　　　　　Jackson Lewis LLP
　　　　　　　　　　　　　　　　　　　320 W. Ohio, Suite 500
　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60610
　　　　　　　　　　　　　　　　　　　(312) 787-4949
　　　　　　　　　　　　　　　　　　　(312) 788-4995 (fax)
　　　　　　　　　　　　　　　　　　　botanaj@jacksonlewis.com

James F. Botana
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610
Tel:　(312) 787-4949
Fax:　(312) 787-4995

## **CERTIFICATE OF SERVICE**

        I, James F. Botana, an attorney, certify that I have caused a true and correct copy of Defendants' Answer to Complaint sent postage prepaid on this 15th day of November 2005 via first class mail, to be served upon the following:

        Christopher Williams
        Law Office of Douglas M. Werman
        77 W. Washington, Suite 1815
        Chicago, IL  60602

                                          James F. Botana